AO 245B (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of Massachusetts

UNITED STATES OF AMERICA

v.

**JAMES MCLAUGHLIN**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**Case Number: 01:10090-NG**

Defendant's Attorney: Timothy Watkins

**THE DEFENDANT:**

XX  pleaded guilty to count(s):  _2 & 3_____.

☐ pleaded nolo contendere to counts(s)_____which was accepted by the court.

☐ was found guilty on count(s)_____after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:USC§1951(a) | Interference with Commerce | 9/11/01 | 2 |
| 18:USC§924(c)(1) | Use of a Firearm During a Crime of Violence | 9/11/01 | 3 |

The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on counts(s)_____ and is discharged as to such count(s).

_XX_ **Count_1_ is dismissed on the motion of the United States**.

IT IS ORDERED that the defendant shall pay a special assessment of **$200(total)** for count(s) 2 & 3  which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 daysof any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and UnitedStates Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth:  0/0/1965

Defendant's USM No.:   23614-038

Defendant's Residence Address:12 West St.
Avon, MA 02322

Defendant's Mailing Address: Wyatt Detention Center
Central Fall, RI 02863

4/29/02
Date of Imposition of Judgment

_____
Signature of Judicial Officer

USD Ct
Name and Title of Judicial Officer

5/17/02
Date



AO 245B (Rev 3/01)  Sheet 2-Imprisonment

CASE NUMBER: 1:10090-NG
DEFENDANT: MCLAUGHLIN, JAMES

Judgment - Page  2  of   5

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a  total term of  **114 MONTHS.**

**This term consists of a term of 30 months on count 2; and a term of 84 months on count 3,  to be served consecutively to the term imposed on count 2.**

**XX**  The court makes the following recommendations to the Bureau of Prisons:

-**That the defendant be incarcerated at a Facility that has the UNICOR Program and and as close as possible to the Northeast Region, preferably FCI RAYBROOK or FCI OTISVILLE.**

-**That the defendant participate in the 500 hour Intensive Drug Treatment Program.**

**XX**  The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____ on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:

_____
Deputy U.S. Marshal

AO 245B (Rev 3/01)  Sheet 3-Supervised Release

CASE NUMBER: 1:10090-NG                         Judgment - Page  3   of  5
DEFENDANT: MCLAUGHLIN, JAMES

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 YEARS  .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated)    **XX  See special conditions page 3.01**

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MCLAUGHLIN, JAMES
CRIMINAL NO.: 01-10090-NG

PAGE 3.01

## SPECIAL CONDITIONS OF SUPERVISED RELEASE
(check all that apply)

__XX__  The defendant is prohibited from *possessing a firearm* or other dangerous weapon.

__XX__  The defendant is to pay the balance of the *restitution* according to a court ordered repayment
schedule.

_____  The defendant is to pay the balance of the *fine* according to a court ordered repayment schedule.

__XX__  The defendant is prohibited from *incurring new credit* charges or opening additional lines of credit
without the approval of the probation officer unless the defendant is in compliance with the payment
schedule.

__XX__  The defendant is to provide the probation officer access to any requested *financial information*.

_____  The defendant is to serve _____ months in *home detention*, *(either)* with electronic
monitoring and pay a fee of $4.97 for each day under electronic monitoring.

_____  The defendant is to reside for a period of _ months in a *community corrections center* and shall
observe the rules of that facility.

_____  The defendant is *true name and will be prohibited from the use of any aliases*, false dates of
birth, false social security numbers, incorrect places of birth, and any other pertinent incorrect
identifying information.

__XX__  The defendant is to participate in a program for *substance abuse* as directed by the United States
Probation Office, which program may include testing to determine whether the defendant has
reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of
services for such treatment based on the ability to pay or availability of third party payment.

_____  The defendant is to participate in a *mental health* program as directed by the United States
Probation Office.

_____  If ordered *deported*, the defendant is to leave the United States and is not to return without prior
permission of the United States Attorney General.

_____  The defendant is to complete __ hours of *community service* at an agency approved by the
probation officer.

_____  The defendant is to meet with the *Internal Revenue Service* within the first _____ days of the
period of supervision in order to determine the prior tax liability and is to file tax returns and pay any
future taxes due

AO 245B (Rev 3/01) -
CASE NUMBER: 01-10090-NG
DEFENDANT:  MCLAUGHLIN, JAMES

Judgment - Page __4__ of __5__

## FINES, RESTITUTION, FORFEITURE

The defendant shall **pay a fine** in the amount of $.

The above fine includes any costs of incarceration and/or supervision in the amount of $.

_____  This amount is the total of the fine imposed on individual counts, as follows:

     The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options below may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

____  The court has determined that the defendant does not have the ability to pay interest.  IT IS ORDERED that:

    ____  The interest requirement is waived.
    ____  The interest requirement is modified as follows:

### RESTITUTION

__XX__  The defendant shall make restitution to the following persons in the following amounts:
Total amount owed $462.00

**NAME OF PAYEE**
Barbara's Hallmark
306 North  Main Street
Randolph, MA  02368

**AMOUNT OF RESTITUTION**
$462.00

__XX__  PAYMENTS OF RESTITUTION ARE TO BE MADE TO:  "Clerk, U.S. District Court" for transfer to Payee.(see above)
__XX__  Restitution is to be paid immediately and /or according to a court ordered repayment schedule approved by the court.

    If the defendant makes a partial payment, each payee shall receive an approximately proportionately payment unless otherwise specified here.

### FORFEITURE

_____  The defendant is ORDERED to forfeit the following property to the United States: